IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No.** |
| **$5,643.00 in U.S. CURRENCY,** | : | |
| **Defendant.** | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $5,643.00 in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on January 11, 2013, from James Michael Winston, pursuant to the execution of a search and seizure warrant of the residence at 6529 Hil Mar Drive, Apartment #403, Forestville, in the State and District of Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Dennis W. Maye, Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff have such other and further relief as the case may require.

Dated: July 30, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

/s/ Stefan D. Cassella
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## *DECLARATION*

This affidavit is submitted in support of a complaint for forfeiture of $5,643.00 in United States Currency.

I, Dennis W. Maye, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $5,643.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. 841 and thus is subject to forfeiture pursuant to 21 U.S.C. 881(a) (6).

a. During the month of December, 2012, the Prince George's County Police Department (PGCPD) received information from a Confidential Source regarding drug distribution occurring from the residence of 6529 Hil Mar Drive, Apartment #403, Forestville, Prince George's County, Maryland, 20747 ("the Residence").

b. Various investigative techniques and surveillance documented activity consistent with criminal behavior surrounding the use and distribution of Controlled Dangerous Substances (CDS). Subsequent controlled purchases of Cocaine Base (i.e., Crack) confirmed the distribution of CDS from within the Residence.

c. Upon application from the PGCPD, Judge Michael P. Whalen issued a Search and Seizure Warrant of the Residence on January 9, 2013.

d. On January 11, 2013, at approximately 5:01 A.M., members of the PGCPD, Narcotic Enforcement Division, executed the Search and Seizure Warrant of the Residence.

e. Upon entry, officers located James Michael Winston ("Winston") in the rear bedroom, along with Dione Monique Bowser ("Bowser"). The rear bedroom is herein identified as Bedroom #1. Bowser's three minor children, ages 5, 7, and 9, were located in a separate bedroom, herein identified as Bedroom #2.

f. Officers verbally advised Winston of his Miranda Rights against self-incrimination. Winston waived his rights and stated that he, Winston, had "some drugs in the back room." Winston indicated that the "back room" is the room herein identified as Bedroom #1, where he and Bowser were sleeping.

g. A subsequent search of Bedroom #1 revealed the following:

   1. A blue bag containing thirteen (13) individually packaged white "rock"-like substances. The substance field tested positive for suspected cocaine;

    2. A clear bag containing seventeen (17) white "rock"-like substances which also field tested positive for cocaine;

    3. Approximately 2 grams of marijuana;

    4. A plate with suspected cocaine residue;

    5. Small plastic bags;

    6. Razor blades;

    7. Various documents;

    8. $3,646.00 U.S. currency, located in a shoebox with assorted photographs;

    9. $713.00 U.S. currency, located beneath a chair cushion;

    10. $1,136.00 U.S. currency, located in a black vest;

    11. $148.00 U.S. currency, located in the blue bag containing cocaine.

h.    A trained narcotics detection canine alerted positively to the presence of a CDS on the currency.

i.    This Investigator conducted a Barringer IonScan on each of the individual currency exhibits, excluding the $148.00 currency located in the blue bag containing cocaine. A positive result for the presence of cocaine was recorded upon each of the three exhibits, identified above as $3,646.00, $713.00, and $1,136.00 in United States currency.

j.    All of the currency was seized from Bedroom #1 and was in the immediate proximity of cocaine, marijuana, and drug paraphernalia. The currency was separated and stored in a manner consistent with drug trafficking and tested positive for the presence of cocaine.

k.    Winston has less than $5,000 recorded earnings on file for 2012.

l.    Winston has a criminal history that includes CDS violations.

m.    Winston stated that the seized currency was proceeds from "car sales."

n.    None of the documents seized from the residence indicate that Winston has conducted automobile sales.

o.    Bowser did not claim the seized currency.

p.  Winston was charged with Possession of a Controlled Dangerous Substance with Intent to Distribute, Possession of Marijuana, and Possession of a Controlled Dangerous Substance that is Not Marijuana.

q.  No other persons reside at the Residence.

r.  The $5,643.00 in U.S. currency was seized as drug proceeds.

*I DECLARE UNDER THE PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE PRINCE GEORGE'S COUNTY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $5,643.00 U.S. CURRENCY FROM JAMES MICHAEL WINSTON ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.*

Dennis W. Maye
Special Agent
Drug Enforcement Administration

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: July 30, 2013

_____
Stefan D. Cassella
Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | July 30, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Theresa Tepe<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $5,643.00 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 13-DEA-579349**<br>**Agency Case No. - GD-13-0106** |

The United States has filed a forfeiture action against **$5,643.00 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

1

| U.S. Department of Justice <br> United States Marshals Service | PROCESS RECEIPT AND RETURN |
|---|---|

| PLAINTIFF <br> UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT <br> $5,643.00 U.S. Currency | TYPE OF PROCESS <br> Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
GD-13-0106 / 13-DEA-579349

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Theresa G. Tepe, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of:

TELEPHONE NUMBER: 410.209.4800
DATE: 7/30/13

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process No. | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service | Time am pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED    SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT   2. USMS Record   3. Notice of Service   4. Billing Statement   5. Acknowledgment of Receipt